UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PAMELA GRAHAM and<br>RONALD GRAHAM,<br><br>    Plaintiffs,<br><br>v.<br><br>REV RECREATION GROUP, INC,<br>and FREIGHTLINER CUSTOM<br>CHASSIS CORP.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 1:17-CV-351-TLS |

# OPINION AND ORDER

This matter is before the Court on Defendant REV Recreation Group, Inc.'s (REV) Motion to Dismiss Claim Three of the Plaintiffs' Complaint [ECF No. 12] for failure to state a claim, filed on October 16, 2017. The Plaintiffs filed a Response [ECF No. 23] on November 27, 2017, as well as a Motion to Amend Complaint [ECF No. 24]. On December 12, 2017, the Magistrate Judge granted [ECF No. 25] the Plaintiffs' Motion to Amend, and an Amended Complaint [ECF No. 26] was filed into the record that same day. Subsequently, on January 2, 2018, the Defendant filed a Motion to Dismiss Claim Three of the Plaintiffs' Amended Complaint [ECF No. 29], to which the Plaintiffs responded to on January 15, 2018 [ECF No. 31]. The Defendant replied on January 29, 2018 [ECF No. 32]. For the reasons discussed below, the Court denies the Defendant's Motions to Dismiss.

# BACKGROUND

The basic factual allegations underlying the Amended Complaint are as follows: The Plaintiffs, Ohio residents, purchased a 2017 American Dream 45T recreational vehicle ("the

RV") for $585,395 in May of 2016 from Tom Johnson Camping Center Charlotte, Inc., in North Carolina. (Am. Compl. ¶ 16.) Tom Johnson is an authorized representative dealer of REV. (Am. Compl. ¶ 18; REV Def.'s Ans. 7–8, ECF No. 28.) Certain components of the RV were manufactured in Indiana, and the RV itself was assembled in Indiana. (Am. Compl. ¶ 11, REV Def.'s Ans. 5.)

Over the ensuing time period, the Plaintiffs claim to have discovered multiple defects in the RV, which have resulted in the RV and its chassis being out of service for long periods of time. The Plaintiffs had the RV serviced numerous times, but the Defendants and various authorized servicing dealers have been unable to satisfactorily cure the defects.

In their original Complaint, the Plaintiffs allege five causes of action: (1) breach of warranty and/or contract against REV, (2) violation of the Magnuson Moss Warranty Act against REV, (3) violation of the Indiana Deceptive Consumer Sales Act ("the IDCSA") against REV, (4) breach of warranty and/or contract against Freightliner Custom Chassis Corp. (Freightliner), and (5) violation of the Magnuson Moss Warranty Act against Freightliner. The Defendant's first and second Motion to Dismiss both concern the third cause of action.

In support of their claim that the Defendant violated the IDCSA, the Plaintiffs allege that: "[m]ore than 30 days prior to the filing hereof, Plaintiff gave written notice to REV Recreation Group., Inc., in writing on November 16, 2016, and then subsequently through multiple telephone and in person conversations . . . of [the Defendant's] violative conduct and the damages resulting therefrom." (Am. Compl. ¶ 48.) The Plaintiffs proceed to list seventeen of these alleged violations. (*Id.*) Thus, the Plaintiffs allege, the Defendant "committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices in violation of the Indiana Deceptive Consumer Sales Act, before, during or after a consumer

transaction between one or both Plaintiffs and a supplier in relation to [the RV]." (*Id.* at ¶ 50.) In response to the Defendant's first Motion to Dismiss, the Plaintiffs amended their Complaint to refer to and append copies of the relevant written warranty and the written notices to the Defendant of the defects. (*See* Mot. to Amend, ECF No. 24.)

**STANDARD OF REVIEW**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept all of the factual allegations as true and draw all reasonable inferences in favor of the Plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**ANALYSIS**

In regards to the IDSCA state law claim, the Court "must apply the law of the state as it believes the highest court of the state would apply it if the issues were presently before that tribunal." *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). "When the state Supreme Court has not decided the issue, the rulings of the state intermediate appellate courts must be accorded great weight, unless there are persuasive indications that the state's highest court would decide the case differently." *Id.*

In its first Motion to Dismiss, the Defendant moved to dismiss the Plaintiff's IDCSA claims because (1) the Plaintiffs failed to allege a "consumer transaction" in Indiana, (2) the

Plaintiffs are barred by the statute of limitations because they failed to show that the allegedly deceptive acts were incurable or that they gave timely written notice to the Defendant, and (3) the Plaintiffs failed to meet the required heightened pleading standard when alleging incurable acts. The Court finds that the Defendant's second and third arguments are moot in light of the Plaintiffs' Amended Complaint—in which the Plaintiffs attached the written warranty containing the representations at issue, email correspondence by the Plaintiffs to REV complaining of the alleged uncured acts, and email correspondence in support of the fact that they gave timely written notice to the Defendant—because the Defendant did not renew the second and third arguments in its second Motion to Dismiss. The only argument asserted in the second Motion to Dismiss is the remaining argument that the Plaintiffs failed to adequately allege a "consumer transaction" under the IDCSA.

The Defendant asserts that the Plaintiffs have failed to allege a "consumer transaction" in Indiana because they are Ohio residents that participated in a North Carolina transaction and are therefore not protected by the statute. The Defendant argues that the purpose of the IDCSA is to protect only Indiana residents, citing dicta from the Eastern District of Pennsylvania. *See In re Actiq Sales and Mktg. Practices Litig.*, 790 F. Supp. 2d 313, 322 (E.D. Pa. 2011) (noting that the IDCSA "was created to protect Indiana residents from the deceptive and unconscionable act and practices of suppliers").

The Plaintiff responds that the IDCSA is to be "liberally construed and applied to promote its purposes and policies." Ind. Code. § 24-5-0.5-1(a). The IDCSA explicitly lays out its purposes:

> The purposes and policies of this chapter are to:
> (1) simplify, clarify, and modernize the law governing deceptive and unconscionable consumer sales practices;
> (2) protect consumers from suppliers who commit deceptive and unconscionable sales acts; and
> (3) encourage the development of fair consumer sales practices.

Ind. Code. § 24-5-0.5-1(b). The Court must construe the statute by looking to the plain and ordinary meaning "unless the construction is plainly repugnant to the intent of the legislature or of the context of the statute." Ind. Code. § 1-1-4-1. Nowhere does the IDCSA explicitly limit its application to Indiana residents. Moreover, the Plaintiffs argue, nowhere in the IDCSA is there a requirement that the transaction at issue actually occur in Indiana.

The IDCSA defines "consumer transaction" as:

> a sale, lease, assignment, award by chance, or other disposition of an item of personal property, real property, a service, or an intangible . . . to a person for purposes that are primarily personal, familial, charitable, agricultural, or household, or a solicitation to supply any of these things.

Ind. Code. § 24-5-0.5-2(a).

The Court agrees with the Plaintiffs. The Defendant has come forward with no authority that a consumer transaction for the purposes of the IDCSA must actually occur in Indiana or that only an Indiana resident may bring a claim under the IDCSA. Nor does the Court find that it would be "plainly repugnant to the intent of the legislature" to allow an out-of-state plaintiff who engaged in an out-of-state purchase to bring a claim under the IDCSA. Rather, disallowing such claims would not promote the IDCSA's purpose of "encourag[ing] the development of fair consumer sales practices" if Indiana suppliers were able to engage in deceptive practices so long as the consumer was not an Indiana resident.

Moreover, this Court has previously permitted similar claims to proceed. *See Castagna v. Newmar Corp.*, No. 3:15-CV-249, 2016 WL 3413770 (N.D. Ind. June 22, 2016) (denying motion to dismiss claim where Florida resident purchased an RV manufactured by Indiana corporation); *Hoopes v. Gulf Stream Coach, Inc.*, No. 1:10-CV-365, 2014 WL 4829623 (N.D. Ind. Sept. 29, 2014) (applying IDCSA where Ohio residents purchased an RV manufactured by an Indiana

5

corporation from a dealer in Ohio). In the instant case, the Plaintiffs have alleged that a transaction occurred (the purchase of the RV) and that the alleged deceptive acts and/or omissions related to the transaction are the fault of the Defendant, an Indiana manufacturer. Thus, the Court finds that the Plaintiffs have sufficiently alleged a "consumer transaction" within the meaning of the IDCSA.

Therefore, the Court denies the Defendant's Motion to Dismiss as to the Plaintiffs' claim under the IDCSA.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendant's Motions to Dismiss [ECF Nos. 12, 29].

SO ORDERED on March 14, 2018.

   s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT